**UNITED STATES of America,
Plaintiff,**

v.

**Sammy SALAMY, Defendant.**

**Crim. No. 66–13.**

United States District Court
W. D. Oklahoma.

April 12, 1966.

David A. Kline, First Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Hayden C. Covington, New York City, for defendant.

DAUGHERTY, District Judge.

The defendant on trial is charged in this case by a Grand Jury Indictment with violating Title 50 U.S.Code, Section 462, in that after being properly classified as 1–A and subject to induction into the military forces the said defendant upon being ordered to report for induction knowingly, willfully and unlawfully failed and refused to submit to induction into the military forces of the United States for combatant service, with intent on his part to evade such service.

A stipulation of the parties was presented to the Court and the Selective Service File of the defendant was placed in evidence by agreement.

By the stipulation it was agreed and the Court therefore finds that the defendant registered and filed his questionnaire with his Local Board, thereafter was classified 1–A and was ordered to report for induction but at the designated induction station he refused induction into the military forces of the United States for combatant service.

The defendant asserts that he is a conscientious objector and that the action of the Appeal Board in classifying him as 1–A has no basis in fact; further that he was denied due process and his rights infringed by a Department of Justice recommendation and the résumé of a hearing which had been conducted, both of which were submitted to the Appeal Board, and which contained illegal and erroneous information to the effect that the defendant in March of 1964 had attempted to volunteer for military service notwithstanding his claimed initial interest in Jehovah's Witnesses beliefs in January, 1964.

The Government urges that there is basis in fact for the Appeal Board 1–A classification in that in his original registration of May 3, 1962, the defendant stated under the section pertaining to conscientious objectors that the same "does not apply"; that later, after a statement of acceptability had been received by the defendant on December 13, 1963, the defendant on December 23, 1963, requested a deferment on the basis of his father's health, and on February 18, 1964, on the basis of parental hardship; that on March 24, 1964, and after deferment was rejected, the defendant then requested a conscientious objector form which was filled out, forwarded and received by his Local Board on April 10, 1964; that the Appeal Board had information before it that the defendant had attempted to volunteer for military service in March, 1964; that before the Appeal Board made its classification, the said defendant was furnished with this information and in his response invited thereto made no denial thereof; that

the defendant only became interested in Jehovah's Witnesses in January of 1964 as a means of avoiding his military service.

 The Court finds from the evidence and record before it that the defendant is guilty beyond a reasonable doubt of the offense with which he is charged. This is based on a finding and conclusion by the Court that a basis in fact existed in the determination of the 1–A classification made by the Appeal Board in that the defendant waited until *after* he had been found to be physically acceptable for induction, *after* his requests for deferment had been denied and when military service became imminent to lay his claim to being a conscientious objector. It is clearly stated in Campbell v. United States, 4 Cir., 221 F.2d 454, and United States v. Corliss, 2 Cir., 280 F.2d 808, that the question of whether or not a contention that one is a conscientious objector and entitled to an exemption therefor is made sincerely and in good faith, is a proper matter for decision in the first instance by the Local Board and then, of course, by the Appeal Board if an appeal is taken. The Campbell case also holds that a Local Board or an Appeal Board is not bound to believe the statement of a registrant that he is a conscientious objector and entitled to exemption, especially where such claim was not thought of or presented until military service became imminent. Thus, the Court concludes that whether or not a claim of being a conscientious objector was made sincerely and in good faith by a registrant is a proper matter for consideration and determination by a Local Board and an Appeal Board. Obviously, if the claim herein of being a conscientious objector is not made sincerely and in good faith but for the purpose of evading his military obligation the defendant would not be entitled to the exemption as a conscientious objector. In determining sincerity and good faith the Appeal Board was entitled to consider all pertinent circumstances, including the original statement by the defendant that a conscientious objection did not apply;

his later requests for deferment on other grounds; his embrace of the Jehovah's Witnesses faith and a claim of conscientious objection at a time when his entry into military service was imminent and even the appearance and demeanor of the defendant. The Court recognizes the right of one to change his religious faith and beliefs and to thereby become a sincere conscientious objector but the Court also recognizes the responsibility of the Selective Service System to determine from facts and circumstances before it in a given case if the change is sincere and in good faith or is a means of avoiding military service.

 With reference to the objection regarding the information presented to the Appeal Board that at about the time the defendant was asking for a conscientious objection form he was attempting to volunteer for military service, the Court finds and concludes that it was proper for the Appeal Board to receive and consider this information in arriving at its classification; that such information therefore would constitute an additional element regarding a basis in fact for the 1–A classification made by the Appeal Board. In this connection the defendant argues that there is no documentation in the file to support this statement and that it was illegally and erroneousy injected into the hearing before the Appeal Board. This information was developed by an authorized procedure and was brought to the attention of the defendant in writing and in his written response to the same the defendant did not refute or deny the correctness of this reported incident. The statement therefore stood unrefuted before the Appeal Board after notice and an adequate opportunity was afforded the defendant to refute the same. Due process was therefore met regarding this matter.

Thus, the Court concludes from the record before it that there is basis in fact for the 1–A classification of the Appeal Board, and such being the case the defendant was and this Court is now bound by the same. Furthermore, the Court finds that the defendant has been afford-

ed due process herein in all respects and the Court fails to find any violation of his constitutional rights and particularly with reference to the information about his attempt to volunteer for military service and the manner in which it was presented to the Appeal Board and the defendant with the same not being denied by the defendant after notice and full opportunity to do so.

The Court, therefore, finds the defendant guilty as charged in Count One of the Indictment of knowingly, willfully and unlawfully failing and refusing to submit to induction into the military forces of the United States with intent to evade service therein.